Thf. Chancellor.
The complainants’ counsel objected to the hearing of this case coming on, and for cause, showed that exceptions to the defendant’s answer for insufficiency had been filed, and not yet disposed of; and they referred to the English chancery practice, and the practice of New York, to sustain the objection.
I determined that the cause should proceed, and that a would hear the motion to dissolve the injunction and the exceptions at the same time, and I take the occasion to express here, fully, my reasons for the course pursued.
By the English practice in the court of chancery, where the answer is filed in term, exceptions must be filed in the same term, or within eight days afterwards; if the answer is filed in vacation, then within eight days after the beginning of the following term ; and the complainant is compelled to procure the master’s report upon them, within a reasonable time, stated in the books, sometimes to be a week, but generally four days.
In the exchequer, the exceptions must be put in within four days, within the term next after the coming in of the answer In that court they are not made the subject of reference, but the court determine them upon argument, in the first instance; Eden on Injunction, 127, 8, 130, (73 in ed. of 1822); 1 Harr Ch. Pr. 197; Ibid, 547; Wyatts's Pr. Reg. 241.
In the courts of New York, where an injunction has issued and the plaintiff excepts to the answer, he must procure the master’s report in fourteen days, or show cause why be has not done so, or the exceptions filed will not prevent the dissolution of the inj unction; Blake’s Chan, Prac. 285; Rule 57 of the N. Y. Court of Chan.
*422 In. New Jersey we have no such rule, requiring the part} excepting to have the exceptions disposed of without delay and if the practice referred to should be adopted here, greai delay and vexation might result.
By the twenty-second section of the act respecting the court of chancery, (Elmer's Dig. 57,) the complainant may file his exceptions at any time within thirty days after the time limited or granted for filing the answer.
By the twenty-third section of the same act, a rule is to be entered of course with the clerk, either in term time or vacation, to refer the exceptions to a master, who shall decide and report upon them within thirty days after they are filed.
By the eleventh rule of this court, (“Of Exceptions,” sec. 2) exceptions for insufficiency shall not be entered until six days after service of a copy of the exceptions on the defendant or his solicitor.
Injunctions here are usually granted without notice upon the case made by the bill, upon the oath of the complainant alone ; and frequently, very properly, dissolved upon the coming in of the answer denying the whole equity of the bill.
In cases where delay is the only object of the party, injunctions are too often sought as the most convenient way of procuring it; and the longer a motion to dissolve can be kept off, the greater the- chance of success.
Now under the sections of the act and the rule referred to, it is easy to perceive that in some cases sixty days and more may intervene between the filing of the answer and the disposition of the exceptions. If, therefore, the existence of undermined exceptions be a good cause for continuing the injunction, it would in many instances amount to a denial of the motion to dissolve, and defeat the object of an answer, however full and true, and however promptly filed.
Such has not been, and should not be, the practice of this court, under the existing rules. It is better to hear the exceptions on the argument of the motion to dissolve. If they are well taken, then the answer does not deny the whole equity of *423 the bill; but if not well taken, they present no ground of objection, and the answer may be sufficient to justify a dissolution of the injunction.
Upon examining the bill and answer, and the exceptions, I am satisfied that the whole equity of the bill, upon which the injunction was granted, has been fully denied, and that the motion to dissolve should prevail, with costs.
Order accordingly.